UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Catskill Development, L.L.C., Mohawk Management,
L.L.C., and Monticello Raceway Development
Company, L.L.C.,

        00 CIVIL 8660 (CM)
        SECOND AMENDED
        JUDGMENT

        Plaintiffs,

  -against-

Park Place Entertainment Corp.,

        Defendant.
----------------------------------------X
Paul Debary, Joseph Bernstein,

        06 CIVIL 6365 (CM)

        Plaintiff,

  -against-

Harrah's Operating Company, Inc.,

        Defendant.
----------------------------------------X

    Whereas the above entitled action having been assigned to the Honorable Colleen McMahon, U.S.D.J., and the Court thereafter on November 20, 2006, having handed down a DECISION AND ORDER ON REMAND FROM THE SECOND CIRCUIT, REINSTATING THIS COURT'S PRIOR JUDGMENT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (docket #301 in 00CV8660 and docket #13 in 06CV6365), in response to the questions posed by the Second Circuit's remand order, this court finds that federal jurisdiction is proper over the instant consolidated action, Monticello is not a third party beneficiary to the LPA, and New York law permits third-party beneficiaries to recover damages for tortious interference with a contract. In light of the foregoing, this court reinstates its previous judgment granting defendant's motion for summary judgment of claims for tortious interference with contract and tortious interference with business advantage, it is,

    ORDERED, ADJUDGED AND DECREED: That in response to the questions posed by the Second Circuit's remand order, this court finds that federal jurisdiction is proper over the instant consolidated action, Monticello is not a third party beneficiary to the LPA, and New York

law permits third-party beneficiaries to recover damages for tortious interference with a contract. In light of the foregoing, this court reinstates its previous judgment granting defendant's motion for summary judgment of claims for tortious interference with contract and tortious interference with business advantage, and the case is hereby closed.

**DATED: White Plains, N.Y.**
           **November 28, 2006**

*J. Michael McMahon*
J. Michael McMahon-Clerk of Court